BARHAM, Justice
(dissenting).
This case as postured before us is a veritable Pandora’s Box. For this reason extreme care should be exercised in making disposition of it. That result and that reasoning which would render justice and do -the least violence to the law should be sought. It is in the hope of achieving this that I desired the following to be the majority view, and I therefore respectfully dissent.
I make a simplified statement of facts for the purpose of orientation. The Walkers sued Jones and the State for delictual damages. Jones and the State answered denying liability, and Jones made the State and the Walkers third party defendants for his own damages. After a trial of all the issues presented the district court took the matter under advisement. On October 4, 1967, the trial judge filed written reasons for judgment in open court, setting forth that judgment should be rendered and signed in the following respects: The Walkers were to receive a specified money award against the State, and Jones was to receive an award of $18,535.00 against the State. On the same day notices that these reasons for judgment had been filed in open court were mailed to all litigants. On October 13 a judgment was presented, read, signed, and rendered in open court which gave the Walkers their damages against the State and dismissed their claims against Jones, but made no mention of Jones’s claim and award. Our record reflects that no notice was given of the signing of this judgment.[1] On October 16 the State moved for an appeal from this judgment of October 13.
On October 27 Jones prepared a judgment which the trial court signed awarding him damages in the amount of $18,535.00 against the State. Notice of that judgment *419 was never given[2] On January 11, 1968, Jones filed a motion for a devolutive appeal, but from the October 13 judgment, and that appeal was perfected timely by the filing of bond on January 16. The so-called judgment of October 27 in Jones’s favor and against the State has never been appealed.
The judgment of October 27 was not before the Court of Appeal and is not before this court. The only matter before either court for consideration was the appeal of the State from the judgment of October 13 and the appeal by Jones from that judgment.
On first hearing on remand from this court the appellate court held Jones’s appeal not to be timely. On rehearing, however, his appeal from the October 13 judgment was conceded to be timely filed. These contradictory findings by the Court of Appeal may very well be the basis of the problem that confronts us. On first hearing, having found Jones’s appeal untimely but apparently wishing to do justice to Jones, whose award was inadvertently omitted from the judgment of October 13, that court held that the October 13 judgment was only partial, and that therefore the judgment of October 27, which was not before the court, was authorized and valid and had become final since' no appeal was taken from it. On rehearing the Court of Appeal did not reevaluate the case in light of its finding that Jones’s appeal was timely and that therefore there was a full and complete judgment on October 13 from which he had appealed along with the State. Instead, it held fast to and reaffirmed its first-assumed position and did not consider Jones’s appeal from the October 13 judgment, though that was the only matter before it for consideration under which it could grant Jones relief. This is the error of the Court of Appeal.
The Court of Appeal has done violence in two respects to the principle that appeals are favored: First, it has pretermitted entirely a consideration of Jones’s timely appeal, and second, it has made a final determination of the State’s liability to Jones without a proper review of the judgment which cast the State. The Court of Appeal should have adjudicated the rights of the Walkers, of the State, and of Jones by exercising appellate review over the one judgment before it which presented all of the issues.
The majority here has compounded the error committed by the appellate court. It now j oins that court in decreeing the October 27 judgment a valid final judgment as to the parties thereto when that judgment has not been appealed and has never been the subject of appellate review.[3]
*421 We granted writs in this case on the application of the State, which had been cast on appeal for damages in favor of the Walkers and which, by a most unusual means, had also been cast by the Court of Appeal for damages in favor of Jones. The writ application complained of the findings of negligence and liability in some of the assignments of error, but we granted writs only on the assignment which alleged that the Court of Appeal had erred in holding the October 13 judgment to be a partial judgment.
I am sure the majority would contend that we are limited in our review to the issue on which the writ was granted, and I will concede this. The majority may further contend that since Jones has not applied for writs, we cannot review his appeal from the first judgment because such a review would be adverse to the relator. The relator is adversely affected to the fullest extent now, for it has been cast in damages. To merely correct the method of award so that it is made in the proper judgment will not adversely affect the relator.
Further, since this court has recognized that the award to Jones was intended to be part of the first judgment but was inadvertently omitted, and since that defective first judgment is before it for consideration, it is required to take the proper action to remedy the defect. I consider the appeals by the State and by Jones to have brought a full, complete judgment from the trial court to the Court of Appeal. We should either adjudicate, or remand to the Court of Appeal for adjudication, that full and complete judgment which appears to require an amendment to include an award to Jones.
If we had under consideration the identical factual circumstances without the judgment of October 27, it is inconceivable that the Court of Appeal, or this court, would have refused to consider Jones’s appeal from the October 13 judgment and would not have ordered that judgment amended to include his award. Why, then, should the existence of the October 27 judgment, the validity of which became moot by the filing of an appeal by Jones from the October 13 judgment, result in a different disposition of the case ?
We have pretermitted a consideration of the obvious legal and just conclusion of this suit in order to consider a matter which I believe is not before us. In fact, if my reasoning has merit, the majority opinion is entirely dictum. When all the parties to a judgment are before the Court *423 of Appeal and all the issues presented in the trial court are before the Court of Appeal under the appeals from that judgment, how can it be said that such a judgment is a partial judgment? This court has refused to consider an appeal timely filed, has refused to give review by adjudication, and has attempted to review a judgment not before it.
After stating that Articles 1038 and 1915 “* * * would seem to imply that the Court should do so [render separate judgments on principal and incidental demands] only when the matters are separately tried”, the majority then disregards this legislative implication to do equity in the instant case. It is obvious from a reading of the last two paragraphs of the majority’s opinion that it has made a very limited holding which applies only to the particular facts of this case. It has held that when the trial judge has decided in favor of a litigant in an incidental demand but through inadvertence or error that demand is not disposed of in the signed original judgment, a supplemental judgment may be signed to give the litigant relief. That holding is entirely unnecessary under the facts of this case. This court should amend, or remand to the Court of Appeal for amendment, the judgment which is before it so that it may fully and completely reflect the intendment of the trial court.
The majority has obviously written for justice and equity on a case basis, and has not laid down a principle of law for future use. I regret that it has made an unnecessary interpretation of codal provisions which may be the basis for the wrenching, contorting, and manipulating of the Code in future litigation. There is, in my opinion, a sound, legal solution which does not require the strained interpretation and application of the law to which the majority has resorted.
Rehearing denied.
BARHAM, J., dissents from denial of rehearing.

. As previously noted, this matter was taken under advisement by the trial court, and in such eases it is required by Code of Civil Procedure Article 1913 that notice of judgment be given. The notice required is “of the signing of a final judgment therein”, and the article requires that it shall be mailed by the clerk. Mailing of the reasons for judgment does not satisfy this requirement. Article 1974 provides that the three-day delay for applying for a new trial shall not commence to run until the day upon which the clerk has mailed or the sheriff has served the notice of judgment required by Article 1913. Notice of the October 13 judgment has been waived by the State since it moved for an appeal and by Jones since he, too, timely moved for an appeal. However, our record is devoid of any evidence that the State has waived the required notice of the judgment of October 27.

. See Footnote 1.

. On the face of our record it appears that notice of the judgment of October 27 has *421 never been given to the State. See Footnote 1. In my view not only was it error for the court to examine the validity of the October 27 judgment, but it was grave error to bold that judgment final when in fact it may still be appealable. “Final” is used here as being synonymous with “executory”.